# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JANE DOE<br><br>        Plaintiff,<br><br>v.<br><br>BOULDER COMMUNITY HEALTH, a Colorado Nonprofit Corporation, DR. KATHRYN HOCH, M.D., Individually and in her Professional Capacity; SARAH NUNNALLY, in her Personal Capacity, CLINICA FAMILY HEALTH; and JANE DOES 1-10, inclusive<br><br>        Defendants. | Case No. |

## DEFENDANT CLINICA FAMILY HEALTH'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** Defendant Clinica Family Health ("Clinica") by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and D.C. Colo. LCivR 81.1, file this Notice of Removal of the above-titled action to the United States District Court for the District of Colorado from the Boulder County District Court, Twentieth Judicial District, Colorado. In support of this Notice of Removal, Defendants state as follows:

### INTRODUCTION AND PLEADINGS

1. On April 21, 2025, Plaintiff, Jane Doe ("Jane Doe" or "Plaintiff") initiated an action (the "State Court Action" or the "Action") in the County of Boulder District Court, Twentieth Judicial District, Colorado, captioned *Jane Doe v. Boulder Community Health, et al.* Case No. 2025CV78. A copy of the Complaint ("Compl.") is attached hereto as **Exhibit A**.

2. Plaintiff filed an Amended Complaint on November 4, 2025. A copy of the Amended Complaint is attached hereto as **Exhibit B.**

3. Defendant Clinica was served with the First Amended Complaint on November 24, 2025. A true and correct copy of the Return of Service is attached as **Exhibit C.**

4. Plaintiff filed her Motion for Leave to File Second Amended Complaint with exhibit on December 2, 2025. A true and correct copy of Motion for Leave to File Second Amended Complaint is attached as **Exhibit D.**

5. The Court denied Plaintiff's request to file her Second Amended Complaint on December 5, 2025, finding that she had not properly conferred with the Defendants. Plaintiff was ordered to confer properly and refile her motion, indicating the position of the Defendants. A true and correct copy of Order re Motion for Leave to File Second Amended Complaint is attached as **Exhibit E.**

6. Counsel for Clinica entered her appearance on December 5, 2025. A true and correct copy of the Entry of Appearance is attached as **Exhibit F**.

7. Clinica filed its Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's First Amended Complaint for Damages and Jury Demand with a proposed order on December 11, 2025. A true and correct copy of the Unopposed Motion for Extension of Time is attached as **Exhibit G**.

8. The Court granted Clinica's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's First Amended Complaint for Damages and Jury Demand and gave it through and including February 2, 2026 to file its responsive pleading. A true and correct

copy of the Order Granting Clinica's Unopposed Motion for Extension of Time is attached as **Exhibit H**.

9. On December 16, 2025, Plaintiff filed a Motion for Leave to File Second Amended Complaint with the exhibit and proposed order. A true and correct copy of the Motion for Leave to File Second Amended Complaint is attached as **Exhibit I**.

10. The Court granted Plaintiff's Motion for Leave to File Second Amended Complaint, having found that a proper conferral had taken place. A true and correct copy of the Order Re Motion for Leave to File Second Amended Complaint is attached as **Exhibit J**. However, Plaintiff did not properly confer as she had substantially modified the proposed Second Amended Complaint without advising or conferring with counsel.

11. As a result, having been advised of her improper conferral, Plaintiff then filed her Notice of Correction to Certificate of Conferral. A true and correct copy of the Notice of Correction to the Certificate of Conferral is attached as **Exhibit K**.

12. The Court issued an order setting aside Plaintiff's Notice of Correction to Certificate of Conferral on December 19, 2025, laying out a briefing schedule for the parties to respond to the Notice. Currently Defendants are to file responses in opposition before January 9th and Plaintiff is to file her reply on or before January 16th. A true and correct copy of the Order Re Notice of Correction to Certificate of Conferral is attached as **Exhibit L**.

13. No party served answers to the First Amended Complaint as of the filing of this Notice.

14. Pursuant to 28 U.S.C. § 1446(a) and D.C. Colo. LCivR 81.1(b), a true and correct copy of the state court pleadings, orders, papers, register of actions, or exhibits now on file with

the state court, are collectively attached as **Exhibit M**. Below is a recitation of the pleadings and other papers filed in the State Court Action:

- Ex. M-1: Motion to Proceed in Forma Pauperis with Proposed Order
- Ex. M-2: Complaint
- Ex. M -3: Summons
- Ex. M -4: Civil Case Coversheet
- Ex. M -5: Motion to Proceed Under a Pseudonym and to Seal Plaintiff's identifying Information
- Ex. M -6: Affidavit of Service - Blank
- Ex. M -7: Sealed Declaration of Plaintiff (Sealed and not being filed)
- Ex. M -8: Finding and Order Concerning Payment of Fees
- Ex. M -9: Order: Motion to Proceed Under a Pseudonym and to Seal Plaintiff's identifying Information
- Ex. M -10: Return Mail – Jane Doe
- Ex. M -11: Motion for Extension of Time to Serve Summons and Complaint
- Ex. M -12: Contact Information Change
- Ex. M -13: Finding and Order Concerning payment of Fees
- Ex. M -14: Order: Motion for Extension of Time to Serve Summons and Complaint - Granted
- Ex. M -15: Motion for Extension of Time to Serve Summons and Complaint
- Ex. M -16: Order: Motion for Extension of Time to Serve Summons and Complaint
- Ex. M-17: Motion for Extension of Time to Amend Complaint and Serve Summons with Exhibits
- Ex. M -18: Order: Motion for Extension of Time to Amend Complaint and Serve Summons
- Ex. M -19: Motion to Remove "Exhibit G" from Motion to Extend
- Ex. M -20: Motion to Remove "Exhibit G" and Only Remove Emoneos (sic) Documents
- Ex. M -21: Order: Motion to Remove "Exhibit G" and Only Remove Emoneos (sic) Documents
- Ex. M -22: Entry of Appearance
- Ex. M -23: Civil Case Coversheet – 16.1 Does not apply
- Ex. M -24: District Civil Summons
- Ex. M -25: District Civil Summons
- Ex. M -26: Return of Service – Boulder Community Health
- Ex. M -27: Return of Service – Kathryn Hoch, MD
- Ex. M -28: Return of Service – Clinic Family
- Ex. M -29: Affidavit of Non-Service – Sarah Nunnally
- Ex. M -30: Entry of Appearance
- Ex. M -31: Return of Service – Sarah Nunnally
- Ex. M -32: Motion for Leave to File Second Amended Complaint with Exhibit

- Ex. M -33: Defendant BCH's Unopposed Motion for Extension of Time to Respond to Plaintiff's Amended Complaint with Proposed Order
- Ex. M -34: Order: Motion for Leave to File Second Amended Complaint
- Ex. M -35: Order: Defendant BCH's Unopposed Motion for Extension of Time to Respond to Plaintiff's Amended Complaint with Proposed Order
- Ex. M -36: Entry of Appearance
- Ex. M -37: Defendant Kathryn Hoch, M.D.'s Unopposed Motion for Extension of Time to Respond to Plaintiff's Amended Complaint with Proposed Order
- Ex. M -38: Return of Service – Sarah Nunnally
- Ex. M-39: Order: Defendant Kathryn Hoch, M.D.'s Unopposed Motion for Extension of Time to Respond to Plaintiff's Amended Complaint with Proposed Order
- Ex. M -40: Defendant Clinic Family Health's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's First Amended Complaint for Damages and Jury Demand with Proposed Order
- Ex. M-41: Order: Defendant Clinic Family Health's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's First Amended Complaint for Damages and Jury Demand with Proposed Order
- Ex. M -42: Motion for Leave to File Second Amended Complaint with Exhibit and Proposed Order
- Ex. M-43: Order: Motion for Leave to File Second Amended Complaint with Exhibit and Proposed Order
- Ex. M-44: Notice of Correction to Certificate of Conferral with Exhibits
- Ex. M-45: Order: Notice of Correction to Certificate of Conferral
- Ex. M-46: Notice of Limited Appearance by Attorney
- Ex. M-47: Motion for Extension of Time to Respond to Plaintiff's First Amended Complaint with Exhibits.

Other than Exhibit M, Defendants are not aware of any other "processes, pleadings, and orders" in the state court action. *See* 28 U.S.C. § 1446(a).

## **GROUNDS FOR REMOVAL**

15. This action is removable under 28 U.S.C. § 1331 as Clinica Family Health ("Clinica") is a Federally Qualified Health Center ("FQHC") under 25 U.S.C. § 5321(d).

16. The Federally Supported Health Centers Assistance Act of 1992 (and as amended in 1995), 42 U.S.C. § 233(g) *et seq.*, authorizes the Secretary of Health and Human Services to extend to certain federally funded health centers and their officers, directors, and employees the same protection that § 233(a) affords to employees of the Public Health Service ("PHS").

5

17. Under the Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, § 4, 84 Stat. 1868, 1870-71 (1970), codified at 42 U.S.C. § 233, Public Health Service facilities and its personnel are immunized from any civil action or proceeding arising out of the performance of medical, surgical, dental, or related functions within the scope of their employment. 42 U.S.C. § 233(a). That protection extends to qualified facility.

18. To facilitate the legislative objective of ensuring the availability of medical services in underserved areas, 42 U.S.C. § 233(a) shields the qualified facility and PHS personnel from liability arising out of their medical and related duties by making the remedy for damages against the United States under the Federal Tort Claims Act ("FTCA") the exclusive remedy for such actions. *Id.* This coverage extends to both the FQHC and its employees. *See* 25 U.S.C. § 5321(d).

19. The protection offered to federally funded health centers by the Federally Supported Health Centers Assistance Act grants "absolute immunity . . . for actions arising out of the performance of medical or related functions within the scope of . . . employment by barring all actions against them for such conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010). Once a community health center is deemed a PHS employee, the FTCA is the exclusive remedy for damages resulting from the performance of medical, dental or "related functions." 42 U.S.C. § 233(a).

20. The immunity provided under § 233(a) is not limited to claims of medical malpractice but encompasses liability arising out of "related functions" – *i.e.*, functions related to the performance of medical, surgical, or dental functions. 42 U.S.C. § 233(a); *Teresa T. v. Ragaglia* (D. Conn. 2001), 154 F.Supp.2d 290, 299-300 (immunity provided by Section 233(a) "is not limited to claims for medical malpractice" and extends to functions related to the provision of medical care*); Cuoco v. Moritsugu* (2d Cir. 2000), 222 F.3d 99, 108 ("Cuoco asserts that § 233(a)

provides immunity only from medical malpractice claims. But there is nothing in the language of § 233(a) to support that conclusion."); *Z.B. ex rel. Next Friend v. Ammonoosuc Community Health Services, Inc.* (D. Me., June 13, 2004, No. CIV. 03-540 (NH)), 2004 WL 1571988, at *3, report and recommendation adopted sub nom., *Z.B. ex rel. Kilmer v. Ammonoosuc Community Health Services, Inc.* (D. Me., Aug. 31, 2004, No. CIV. 04-34-P-S), 2004 WL 1925538 (holding that alleged failure to report domestic abuse in connection with home health visits subject to §233(a) immunity as such "negligence is 'related to' the provision of medical services because the duty to report arises out of the employees' status as medical professionals"); *Pinzon v. Mendocino Coast Clinics Inc.* (N.D. Cal., Aug. 20, 2015, No. 14-CV-05504-JST) 2015 WL 4967257, at *3 (holding that plaintiff's claims for violation of the Americans with Disabilities Act, the Civil Rights Act of 1964, and the Health Insurance Portability and Accountability Act of 1996 were covered by §233(a) immunity because the remedy against the United States provided thereby is 'exclusive of any other civil action or proceeding by reason of the same subject-matter' against the employee.") "Related functions" includes administrative or operational activities which relate to the provision of medical, dental, or surgical healthcare. *See, e.g.*, *C. K. v. United States* (S.D. Cal., Nov. 12, 2020, No. 19-CV-2492 TWR (RBB)) 2020 WL 6684921, at *6 ("administrative or operational duties could qualify as related functions where they were connected to the provision of medical care.")

21. Clinica is covered by the FTCA, as Plaintiff's action arises out of actions arising out of the performance of medical functions. Thus, the action arises "under the Constitution, laws, or treaties of the United States," and should be decided by a court of federal jurisdiction under 28 U.S.C. § 1331.

## VENUE

22. Venue for removal is proper in this district and division under 28 U.S.C. 1441(a) because the District of Colorado embraces the Twentieth Judicial District, Boulder County District Court of Colorado, where the Action was initiated. (*See generally e.g.*, Ex. A, Compl.) Defendant reserves all arguments that, except for venue for removal, venue for the underlying litigation is otherwise proper for this lawsuit.

## PROCEDURAL REQUIREMENTS

23. Removal is timely because Defendant Clinica filed this Notice of Removal within 30 days of having been served with the initial pleading against it on November 24, 2025. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that 28 U.S.C. § 1446(b)'s 30-day deadline runs from the date of formal service).[1]

24. Pursuant to 28 U.S.C. § 1446(d), Defendant Clinica Family Health is filing a written Notice of this removal, attached hereto as **Exhibit N**, with the Clerk of the Court for the Boulder County District Court, Twentieth Judicial District of Colorado, which, along with this Notice, is being served upon Plaintiff (pro se) as required by 28 U.S.C. § 1446(d).

## DEFENDANT'S NON-WAIVER OF DEFENSES

25. By removing this action from the Twentieth Judicial District, Boulder County District Court of Colorado, Defendant Clinica Family Health does not waive any defenses available to it.

---

[1] 28 U.S.C. § 1446(b)(2)(c) states that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."

26. By removing this action from Twentieth Judicial District, Boulder County District Court of Colorado, Defendant Clinica Family health does not admit any of the allegations in Plaintiff's First Amended Complaint.

**CONCLUSION**

27. Because this action is covered by a federal statute and Plaintiff's claims must proceed under the FTCA, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1441(a). Written notice of this Notice of Removal is being served upon Plaintiff (pro se) and to the Clerk of the Court for the Boulder County District Court, Twentieth Judicial District, Colorado. Accordingly, this action meets all jurisdictional requirements and is removable to this Court pursuant to 28 U.S.C. § 1441(a).

28. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, certifies that Defendant Clinica Family Health's factual allegations have evidentiary support, and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

**WHEREFORE**, for the foregoing reasons, federal jurisdiction exists under 28 U.S.C. § 1331, and removal is appropriate under 28 U.S.C. §§ 1441(a). Accordingly, Defendant Clinica Family Health removes the above-captioned action from the Twentieth Judicial District, Boulder County District Court of Colorado to the United States District Court for the District of Colorado.

Dated this 26th day of December, 2025.

                          **FOLEY & LARDNER LLP**

                          */s/ Tamera D. Westerberg*
                          Tamera D. Westerberg
                          1144 15th Street, Suite 2200
                          Denver, Colorado 80202
                          Phone: (720) 437-2000
                          Facsimile: (720) 437-2200
                          Email: twesterberg@foley.com

                          ***Counsel for Defendant Clinica Family Health***

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of December, 2025, a true and correct copy of the above and foregoing **DEFENDANT CLINICAL FAMILY HEALTH'S NOTICE OF REMOVAL** was filed and served via *CME/ECF* and via email upon the following and served via email on all parties below:

| | |
|---|---|
| Jane Doe<br>P. O. Box 391<br>Santa Barbara, CA 93116<br>Hopestarchild@gmail.com<br>***Plaintiff*** | Mark Collier<br>Childs McCune Michalek, LLC<br>1700 Lincoln Street, Ste 2400<br>Denver, CO 80203<br>***Counsel for Defendant Kathryn Hoch, MD*** |
| Traci L. Van Pelt<br>Logan A. Anderson<br>McConnell Van Pelt, LLC<br>4700 South Syracuse Street, Suite 200<br>Denver, CO 80237<br>***Counsel for Boulder Community Health*** | Peggy Kozal<br>Georgiana Gnibus<br>Dickinson Wright, PLLC<br>1125 17th Street, Suite 550<br>Denver, CO 80202<br>***Limited Counsel for Defendant Sarah Nunnally*** |

                                                */s/ Heather Kunkel*
                                                Heather Kunkel