# EXHIBIT A

Jane Doe
Plaintiff, Pro Se
Address and contact
information submitted under seal

FILED IN THE
20TH JUDICIAL DISTRICT

DATE FILED
April 21, 2025 2:12 PM
CASE NUMBER: 2025CV78

## DISTRICT COURT, BOULDER COUNTY, STATE OF COLORADO

### 1777 6TH STREET, BOULDER, CO 80302

JANE DOE,

    Plaintiff,

vs.

BOULDER COMMUNITY HEALTH, A COLORADO NONPROFIT CORPORATION, DR. KATHRYN HOCH, MD, INDIVIDUALLY AND IN HER PROFESSIONAL CAPACITY, AND DOES 1-10, INCLUSIVE,

    Defendants,

Case No.: 25CV78-2

**COMPLAINT FOR DAMAGES**
**(MEDICAL NEGLIGENCE)**

Plaintiff, Jane Doe, alleges the following against Boulder Community Health and Dr. Kathryn, Hoch, MD, a medical doctor practicing in Boulder, Colorado:

**PARTIES AND JURISDICTION**

1. Plaintiff Jane Doe is an individual proceeding under a pseudonym due to the highly sensitive and private nature of this case. Plaintiff seeks leave of the Court to file her identifying information under seal.

2. Defendant Boulder Community Health (BCH) is a Colorado nonprofit corporation that operates hospitals and medical facilities in Boulder County, Colorado, including the facility where the medical treatment and events at issue occurred. At all times relevant to this Complaint, BCH employed or contracted with Dr. Kathryn Hoch, MD.

3. Defendant Dr. Kathryn Hoch, MD, is a physician licensed to practice medicine in Colorado, specializing in obstetrics and gynecology. At all relevant times, Dr. Hoch was acting within the course and scope of her employment with Boulder Community Health.

4. Plaintiff is currently unaware of the true names and capacities of Defendants DOES 1 through 10 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they are ascertained. Each DOE defendant is responsible in some manner for the occurrences herein alleged and caused injury to Plaintiff.

5. Jurisdiction and venue are proper in this Court pursuant to C.R.C.P. 98, as the acts and omissions giving rise to this Complaint occurred in Boulder County, Colorado.

**GENERAL ALLEGATIONS**

5. On or about April 18, 2023, Plaintiff arrived at Boulder Community Health in active labor following a physically and emotionally stressful ten-minute drive. Upon arrival, Plaintiff audibly requested to take a warm bath to relax her body and regulate her nervous system prior to delivery. This request was made in the presence of her doulas, who witnessed the exchange.

6. Plaintiff's request was denied by hospital nursing staff, who told her that her vitals must be taken immediately and instructed her to get on the delivery bed. As a result, Plaintiff

COMPLAINT FOR DAMAGES
2

was forced into a flat, reclined position without the opportunity to physically or mentally decompress. Plaintiff believes that this abrupt transition and forced positioning, following the unrelieved tension of laboring in a vehicle, contributed to the perineal tearing she suffered during delivery.

7. During labor and delivery, Dr. Kathryn Hoch, MD, made inappropriate and demeaning remarks to Plaintiff, including mockingly stating, "I've never seen anyone do that before," in response to Plaintiff's stated childbirth preferences, which reflected her desire for an empowered, collaborative birth experience. Dr. Hoch made no effort to ask Plaintiff about her birth plan or intentions prior to delivery. Instead, Plaintiff's doula had to interrupt Dr. Hoch to inform her of Plaintiff's preferences. Dr. Hoch's sarcastic and dismissive response, made in front of medical staff and Plaintiff's support team, disregarded Plaintiff's autonomy and emotionally meaningful intentions, causing deep embarrassment, distress, and a lasting sense of disempowerment at a critical and vulnerable time.

8. Following delivery, Plaintiff required vaginal repair due to a second-degree tear sustained during childbirth. Dr. Kathryn Hoch performed the repair; however, the stitching was done improperly, leaving a portion of tissue unsecured, misaligned, and protruding in a manner inconsistent with the standard of medical care.

9. During the repair procedure, Dr. Hoch continued her demeaning behavior by mockingly holding the needle and saying, "Oh, it'll never be the same," in front of multiple

COMPLAINT FOR DAMAGES
3

witnesses, including Plaintiff's mother and doula. These remarks, made at a moment of intense physical vulnerability, caused Plaintiff to feel deeply violated, humiliated, and unsafe in the care of her physician.

10. As a result of both the negligent repair and the degrading comments made during the procedure, Plaintiff has suffered ongoing physical pain and discomfort, including tissue that protrudes, rubs against clothing, and becomes frequently irritated. Plaintiff continues to experience daily discomfort, often aggravated by contact with undergarments or routine movement.

11. In addition to the physical pain, Plaintiff has endured profound emotional and psychological harm, including feelings of worthlessness, failure, humiliation, and diminished bodily autonomy. The experience has interfered with her ability to enjoy and bond during the early stages of motherhood, and has cast a shadow over what should have been a joyful, empowering, and sacred moment in her life.

12. Plaintiff has experienced significant trauma, including anxiety, intrusive memories, shame, and fear surrounding future medical care. She continues to struggle with physical intimacy and trust, and anticipates requiring surgical correction to repair the injury, at a projected cost of approximately $10,000.

13. Following delivery, Plaintiff attended multiple medical consultations and follow-up appointments to assess the damage and determine treatment options. Initially, she was

advised to wait for the injury to fully heal before its long-term implications could be accurately evaluated. The healing process itself was excruciating, marked by prolonged pain, emotional isolation, and daily interference with Plaintiff's ability to function. Upon full healing, physicians confirmed that the only effective remedy would be surgical correction of the improperly repaired tissue.

**FIRST CLAIM FOR RELIEF: MEDICAL NEGLIGENCE**

14. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

15. Defendants owed Plaintiff a duty to provide medical treatment in accordance with accepted standards of care.

16. Dr. Kathryn Hoch, MD, breached this duty by performing a vaginal repair in a negligent, substandard, or improper manner, directly causing Plaintiff's injuries.

17. Boulder Community Health is vicariously liable for the acts and omissions of its employee or contractor, Dr. Kathryn Hoch, MD.

18. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered physical injury, pain and suffering, emotional distress, and financial damages associated with future corrective care.

**SECOND CLAIM FOR RELIEF: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

19. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

20. Defendants owed Plaintiff a duty to exercise reasonable care in providing medical treatment and communication, including during labor, delivery, and postnatal procedures.

21. Defendants breached that duty by subjecting Plaintiff to emotionally inappropriate, demeaning, and humiliating remarks during childbirth and vaginal repair, including but not limited to mocking Plaintiff's preferences for her birth experience, failing to solicit her informed input, and making sarcastic comments in front of witnesses while she was in a medically vulnerable state.

22. As a direct and proximate result of Defendants' negligent conduct, Plaintiff suffered severe emotional distress, including anxiety, depression, trauma symptoms, feelings of worthlessness, and difficulty bonding with her child and engaging in physical intimacy.

23. Defendants' conduct was a substantial factor in causing Plaintiff's emotional harm, which continues to this day.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a. For compensatory damages in an amount to be proven at trial, not less than $100,000;

b. For all costs associated with medical evaluations, surgeries, and follow-up care;

c. For damages related to pain, suffering, and emotional distress;

d. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

On this 18th day of April, 2025.

_____
Jane Doe, Plaintiff

COMPLAINT FOR DAMAGES
7